590 Madison Avenue  
New York, New York 10022  
Tel: (212) 333-0200  
Fax: (212) 333-2350

9536 Wilshire Boulevard  
Suite 500  
Beverly Hills, California 90212  
(310) 273-3777

**Sean R. O'Brien**  
Partner  
Direct Dial: (212) 333-0216  
E-mail: sobrien@arkin-law.com

**ARKIN KAPLAN RICE LLP**  
ATTORNEYS AT LAW





August 25, 2008

**BY HAND**

Hon. Leonard B. Sand  
United States District Court Judge  
Southern District of New York  
Daniel Patrick Moynihan  
United States Courthouse  
500 Pearl Street, Room 1650  
New York, New York 10007

Re:  Nathel v. Siegal, et al., 07 CIV. 10956 (LBS)

Dear Judge Sand:

    This firm represents Defendants Richard Siegal, Palace Exploration Company, and related entities (collectively, the "Palace Defendants") in the above-referenced action. As the Court may recall, the Palace Defendants have sought dismissal of Plaintiffs' Complaint on the ground that Plaintiffs have failed to plead loss causation, and indeed failed to allege facts showing that they had actually lost money in the challenged transactions. On July 30, 2008, Plaintiffs filed a reply memorandum and an affidavit from Plaintiff Ira Nathel that, for the first time, refers to a "Notice of Deficiency" received from the New York State taxing authorities ("the Notice"), and Plaintiffs then argue that the Notice is sufficient to support their claims. Yet both the Reply Memorandum and Ira Nathel's Affidavit misrepresent the content and import of a Notice of Deficiency.

    Specifically, in their brief, Plaintiffs assert that "[i]n point of fact, the New York State Taxing Authorities have already disallowed the deductions taken by the Plaintiffs for the Siegal Partnerships and imposed penalties." (See Reply at 10.) Ira Nathel's affidavit similarly states that "[the Nathels] received Notices of Deficiency from New York State which assessed penalties on disallowed intangible drilling costs related to [their] investments in partnerships promoted by defendant Richard Siegal." (Decl. of Ira Nathel at ¶2.) Notably, Plaintiffs do not present the actual Notice of Deficiency with their papers. That is surely because a Notice of Deficiency does not assess or impose penalties. It merely proposes adjustments, which if not paid could result in an assessment. The taxpayer possesses full rights to contest the government's position set forth in the Notice by filing a petition under Section 689 of the Tax Law, or through the Tax Department's Bureau of Conciliation and Mediation. See New York



**ARKIN KAPLAN RICE LLP**

Hon. Leonard B. Sand
August 25, 2008
Page 2

State Department of Taxation and Finance, *The New York State Tax Audit – Your Rights and Responsibilities* (2006), http://www.tax.state.ny.us/pdf/publications/income/pub130d_1206.pdf. We assume that Mr. Nathel will energetically seek to persuade the Department of Taxation and Finance that no such penalty should be imposed.

  For these reasons, the existence of the Notice of Deficiency does not alter the conclusion that Plaintiffs have failed to allege that they have suffered damages, and that they have failed to plead loss causation. The Palace Defendants therefore request the opportunity to submit a brief sur-reply on this issue.

Very truly yours,

Sean R. O'Brien

cc: Kathleen E. Wright, Esq. (via email)
  John H. Eickemeyer, Esq. (via email)
  Scott M. Himes, Esq. (via email)
  Susan B. Ratner, Esq. (via email)

*Endorsement*

Granted. Sur-reply may be filed on or before Sept 2, 2008.

So ordered.

[signature] USDJ

**MEMO ENDORSED**