UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IRA NATHEL and SHELDON NATHEL,                          :
                                                        :
                      Plaintiffs,     :
                                                        :
     -against-                                        :
                                                        :  07-CIV-10956 (LBS)
RICHARD SIEGAL, GEORGE COLEMAN, HARVEY                  :
JOSEPHSON, ROBERT A. TREVISANI, PAUL                    :
HOWARD, RICHARD S. GURALNICK, SCHAIN                    :
LEIFER GURALNICK, BISTATE OIL                           :
MANAGEMENT CORPORATION, SS&T HOLDING                    :
CO., LLC, PALACE EXPLORATION COMPANY,                   :
TAH DRILLING CO., INC., TAQ DRILLING CO.,               :
INC., OIL AND GAS TITLE HOLDING                         :
CORPORATION, JOHN DOES 1-20, JOHN DOE                   :
CORPORATIONS 1-20, JOHN DOE LLCs 1-20, and              :
JOHN DOE LLPs 1-20                                      :
                                                        :
                      Defendants.     :
                                                        :
------------------------------------------------------------------------x

## SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO FILE A SECOND AMENDED COMPLAINT

Stanley S. Arkin (SA 1373)
Michelle A. Rice (MR 4254)
Sean R. O'Brien (SO 2318)
Justin M. Sher (JS 8379)
590 Madison Ave., 35th Floor
New York, New York  10022

Defendants Richard Siegal, Paul Howard, Palace Exploration Company, The Bistate Oil Management Corp., Oil and Gas Title Holding Corp., SS&T Holding Corporation, TAQ Drilling Company and TAH Drilling Company (collectively, the "Palace Defendants"), respectfully submit this Sur-Reply in opposition to the Cross-Motion of Plaintiffs Ira Nathel and Sheldon Nathel (the "Nathels" or "Plaintiffs") to File a Second Amended Complaint (the "SAC").

## ARGUMENT

**I.   THE NATHELS MAY NOT PREMISE THEIR CLAIMS UPON DOCUMENTS THAT THEY REFUSE TO DISCLOSE**

The Nathels recognize that they have not alleged facts establishing loss causation or even a cognizable loss. They have therefore sought to bolster their pleading with references to Notices of Deficiency (the "Notices") that they claim to have received from New York State. Yet it is patently improper and unfair for the Nathels to base allegations upon documents while refusing to provide those documents to the Court and defendants. *Cortec Industries, Inc.* v. *Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (where a document is integral to complaint, defendant should be able to rely upon document in dismissal motion "because plaintiff should not so easily be allowed to escape the consequences of its own failure"); *I. Meyer Pincus & Assoc.* v. *Oppenheimer & Co. Inc.*, 936 F.2d 759 (2d Cir. 1991) (declining to permit plaintiff "to evade a properly argued motion to dismiss simply because plaintiff has chosen not to attach" a document integral to its claims); *In re Leslie Fay Cos.*, 166 B.R. 802, 808 (Bankr. S.D.N.Y. 1994) (considering documents on motion to dismiss despite plaintiffs' failure to provide them because to do otherwise "might allow [plaintiff] to survive a motion to dismiss with a legally deficient claim simply because it failed to attach dispositive documents to its complaint"); *see also Broder* v. *Cablevision Systems Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) ("Insofar as the

complaint relies on the terms of [the agreement], we need not accept its description of those terms, but may look to the agreement itself.").

In light of these principles, the Nathels are barred from relying upon their unsubstantiated description of the Notices. Despite Defendants' request, the Nathels have refused to disclose the documents. As a result, it is impossible to determine, among other things, whether the Notices even apply to the partnerships or the tax years at issue, or the actual reasons for their issuance. Accordingly, the Court should not even consider any allegations premised upon the Notices in addressing the Defendants' motions.

## II.  EVEN IF THE NOTICES OF DEFICIENCY WERE CONSIDERED BY THE COURT, THEY DO NOT CURE THE DEFICIENT SECOND AMENDED COMPLAINT

Even if the Nathels' allegations relating to the Notices were considered by the Court, those allegations would not remotely cure the flaws in the SAC.

As an initial matter, even if penalties could constitute damages, the mere fact that the Nathels claim to have received Notices of Deficiency does not mean that penalties will ever be imposed upon them. Notably, even the Nathels are inconsistent in describing the likely results of the Notices. At some points, they refer only to "probable" penalties that will be assessed. (Brief at 2.) And in their August 26, 2008 letter to this Court, the Nathels state that penalties have merely been "proposed" by New York State. (Letter of Kathleen E. Wright, at 1.) Allegations such as these cannot support a Section 10(b) claim as a matter of law because an actual "economic loss" is a required element of a claim under Section 10(b). *Dura Pharmaceutical, Inc.* v. *Broudo*, 544 U.S. 336, 342 (2005). In *Dura*, the Court specifically rejected the argument that a plaintiff who had purchased stock at a fraudulently inflated price should be permitted to proceed with his claim because the inflated price "*might* mean a later loss." *Id*. (emphasis in original). Instead, the Court explained, that the loss must have occurred before the cause of

2

action can arise. *See id*. at 344 (citing Bigelow, Law of Torts 101 (8th ed. 1907) (damage "must already have been suffered before bringing the suit")); *see also In re Glaxo Smithkline PLC Sec. Litig.*, 2006 WL 2871968, at *7 (S.D.N.Y. Oct. 6, 2006) ("Needless to say, the inquiry must also include whether the complaint alleges that Plaintiff suffered a loss."). Because the Nathels have made no competent allegations that penalties have actually been imposed upon them, their SAC must be dismissed.

To be sure, at some points the Nathels appear to contend that penalties have already been imposed. In their brief, they assert that "the New York State Taxing Authorities have already disallowed the deductions taken by the Plaintiffs for the Siegal Partnerships and imposed penalties." (*See* Reply at 10.) In Ira Nathel's affidavit, he affirms that "[the Nathels] received Notices of Deficiency from New York State which assessed penalties on disallowed intangible drilling costs related to [their] investments in partnerships promoted by defendant Richard Siegal." (Decl. of Ira Nathel at ¶2.) But these statements are simply inaccurate in light of the rules governing Notices of Deficiency. A Notice of Deficiency does not assess or impose penalties. It merely proposes adjustments, which if not paid might result in an assessment. *See* N.Y. Tax Law § 681(b) (notice of deficiency does not become assessment until 90 days from mailing, and only if not challenged). The taxpayer possesses full rights to contest the government's position set forth in the Notice by filing a petition under Section 689 of the Tax Law, N.Y. Tax Law § 689(a)-(b), or through the Tax Department's Bureau of Conciliation and Mediation, 20 N.Y.C.R.R. § 4000.3. *See* New York State Department of Taxation and Finance, *The New York State Tax Audit – Your Rights and Responsibilities* (2006), http://www.tax.state.ny.us/pdf/publications/income/pub130d_1206.pdf.; *Voelker v. State Commissioner of Taxation and Finance*, 50 A.D.3d 1187, 1187, 854 N.Y.S.2d 593, 593 (3d

Dep't 2008) (noting that it is standard practice for a Notice of Deficiency to advise recipient of avenues of challenge.)

In fact, in the Nathels' August 26, 2008 letter to the Court, the Nathels acknowledge that they have a right to dispute the proposed penalties, but they simply assume that their challenge will be unsuccessful. (Letter of Kathleen E. Wright, at 1-2.)  There is no basis for such an assumption, and if the Nathels make a strategic decision not to oppose the penalties, that event in and of itself would independently cut off any chain of causation for a claim based upon any potential penalties. *See Van Syckle v. C.L. King & Associates, Inc.*, 822 F. Supp. 98, 102 (N.D.N.Y. 1993) ("A party [in a securities fraud case] cannot recover the part of their loss caused by their own failure to take reasonable steps to avoid further harm once they had reason to know of the wrongdoing."). "Under the familiar mitigation of damages principle, a party [in a 10b-5 action] cannot recover that part of his loss caused by his own failure, once he has reason to know of the breach, to take reasonable steps to avoid further harm. . . . Consequently, at the point where a reasonable man – either because of the breach or discovery of the fraud – would have taken action to protect himself from further depreciation in the value of the claim, the chain of causation is cut and plaintiffs cannot recover damages for subsequent losses." *Foster v. Financial Technology, Inc.*, 517 F.2d 1068, 1072 (9th Cir. 1975).

Not only does a taxpayer have the clear right to challenge such penalties as a general matter, but New York State recently commenced a broad tax amnesty program, under which prompt payment of any underreported taxes will result in the avoidance of penalties. *See* New York State Department of Taxation and Finance, *Voluntary Disclosure and Compliance Program* (2008), http://www.tax.state.ny.us/e-services/vold/default.htm.  This program provides

4

yet another avenue through which the Nathels may avoid the imposition of penalties, and therefore a further ground on which to conclude that penalties are purely conjectural.

Finally, the speculative nature of these events demonstrates why the Nathels' claim for declaratory judgment fails under both federal and state law.  The *Seippel* case upon which the Nathels rely involved claims brought by individuals who had already had penalties assessed against them, not individuals who had merely received Notices of Deficiency.  *Seippel v. Jenkens & Gilchrist, P.C.*, 341 F. Supp. 2d 363, 371 (S.D.N.Y. 2004).  This distinction is particularly significant since tax penalties are in some instances not recoverable as damages for securities fraud under federal law.  *See Freschi v. Grand Coal Venture*, 767 F.2d 1041, 1051 (2d Cir. 1985) (affirming holding that tax penalties and interest not recoverable as damages under 10b-5), *vacated on other grounds*, 478 U.S. 1015 (1986), *reaffirmed on this point on remand*, 800 F.2d 305, 306 (2d Cir. 1986); *accord*, *In re Securities Group 1980*, 124 B.R. 875, 903 (Bankr. M.D. Fla. 1991) ("[T]he limited partner[s] . . . claim damages resulting from IRS penalties and interest assessed against them.  However, based upon the decision in *Freschi*, this court concludes that these matters are not recoverable damages in a Rule 10b-5 action."), *rev'd in part on other grounds*, 74 F.3d 1103 (11th Cir. 1996).  Thus, even assuming *arguendo* that some federal or state tax penalties might be recoverable under 10b-5, whether the penalties that might possibly be assessed against the Nathels would fall into this hypothetical category cannot be decided in advance.  And as set forth previously, the New York State standard for declaratory judgment is even more stringent, and holds that "a request for a declaratory judgment is premature if the future event is beyond the control of the parties and may never occur."  *In re Guardianship of Chantel Nicole R.*, 34 A.D.3d 99, 107, 821 N.Y.S.2d 194, 200 (1st Dep't 2006).  The Notices of Deficiency that the Nathels allegedly received do not come close to satisfying that standard.

**CONCLUSION**

For the reasons set forth above, and those included in the Palace Defendants' previous filings, the Palace Parties respectfully request that the Court deny leave to file the Proposed SAC and dismiss this action with prejudice.

Dated: New York, New York
       September 2, 2008

    Respectfully submitted,

    ARKIN KAPLAN RICE LLP

    By: /s/ Stanley S. Arkin
       Stanley S. Arkin (SA 1373)
       Michelle A. Rice (MR 4254)
       Sean R. O'Brien (SO 2318)
       Justin M. Sher (JS 8379)
    590 Madison Ave., 35th Floor
    New York, New York  10022
    (212) 333-0200 (phone)
    (212) 333-2350 (fax)